## Sumner et al. v. Sumner.

May 24, 1949.

Dennis B. Wooton and M. E. Strange for appellants.

John D. Atkinson and Beverly P. White (for Lydia M. Sumner) for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellee was plaintiff below and defendants, thirty in number, were the children and grandchildren of appellee and Thoda Sumner, and spouses of those who were married. Appellee and his wife had jointly owned a tract of land in Powell County, and following the death of the wife, appellee became the owner of the right of curtesy in the wife's one-half interest. In May 1947 Mr. Sumner filed petition naming the 30 defendants, heirs and heirs-at-law of Mrs. Sumner, asking that the tract of land be divided according to quality and quantity, giving one-half to the heirs subject to his curtesy right.

It was alleged that the land was susceptible of division, and that it was deteriorating in value, and the interest of all concerned would be best subserved by a division. It was stated that three defendants were infants under twenty-one, but over fourteen years of age and non-residents; three others were non-residents and one son in the U. S. Army. Plaintiff asked for the appointment of a guardian ad litem, but made no suggestion as to warning order attorney and none was appointed. Of the remaining defendants who were residents of the State, summons was neither issued for nor served upon many of them. With the petition plaintiff filed an affidavit stating that the interest of all parties were alike and common; that due to the fact that defendants were numerous and widely "scattered" it would be impracticable to bring them before the court within a reasonable time, and moved the court to designate "one of the parties to sue and defend for all." This motion was sustained and the court named Elijah Sumner (plaintiff) to fulfill this office. This order was entered on June 8, 1947, and a few days later plaintiff filed an amendment by which he waived his right of curtesy, and suggested that the division be made disregarding his right thereto. On the day following, no pleadings of any sort having been filed, the cause was "heard and submitted," and the court adjudged that the tract should be divided in accordance with the petition as amended, and appointed commissioners for the purpose. On September 18 these officers reported that they had performed the imposed duties, alloting to plaintiff a described portion, the other part (described) to the heirs of Rhoda Sumner. On November 3 defendants filed exceptions to the report on

the grounds of inequality in value, quantity and quality of the two tracts. Numerous witnesses were subpoenaed to testify for parties, but there is no testimony in the record.

However, while these exceptions were pending, on November 26, appellee filed amended petition which merely stated that he had sold his "undivided" interest in the land described in the petition to Lydia B. Sumner, and "she and they say it should be sold as a whole; that it is to the best interest of all parties," and she asks that she be made plaintiff, and for a sale of the land described in the petition, and she was made a plaintiff by order.

Upon the filing of this document and making the order, on the same day the cause was heard on "exceptions to the commissioner's report," and the court adjudged that the land could not be divided without impairment to values, and directed the Master Commissioner to sell the whole tract (not excluding a school house and passway) and to report his action. On March 1, 1948, the officer reported that he had sold the entire tract to Lydia Baker at the high bid of $14,000.

Following the report, and after some investigation of the record by her counsel, the purchaser filed exceptions, asserting that as to some defendants the sale was void, and as to others voidable; that under the proceedings and sale she could not obtain good title. She pointed out the fact that no warning order attorney had been appointed; that many of the defendants residing in this State had never been summoned, entered appearance, or filed any pleadings; that the order appointing the original plaintiff to defend for all parties was irregular, improper and void, and could not operate to bring the defendants, or any of them, in jurisdiction of the court; that there was no community of interest in plaintiff and the defendants, but that his interest was adverse to the interest of defendants. This was assuredly true after the sale of plaintiff's interest, and he could not sue and defend at the same time. She asked the court to hold the sale void, and for return to her of $4100 she had paid on her purchase. The chancellor overruled her exceptions and granted appeal, and she was substituted to all the rights of original plaintiff in the proceedings.

There is no brief on behalf of Elijah Sumner, perhaps because he is no longer interested or in interest. The purchaser has filed brief, not going so much to the merits as to her motion to dismiss the appeal because of many alleged technical defects in perfecting the appeal and bringing all parties before this court, her idea being that errors pointed out might be better cured by proceedings in the circuit court, upon dismissal. Appellants (heirs, with exception of two or three who have dismissed as to them) take the other view, that the judgment should be reversed, and cause remanded for application of curative remedies; we are inclined to agree with the latter view.

.. That the proceedings shown were irregular and illegal there is no dispute, all who have filed briefs agreeing that the irregularities were such as to make the sale void as to some, and voidable as to others, and that the purchaser could not under the sale be vested with good title is well agreed, and we concur. We shall not undertake to point out the errors which would vitiate the proceeding and result, but we must say that the sudden imperfect transformation of a suit for division into a suit for the sale of real estate or interest therein of persons under the disability of infancy, or of non-residents, without regard for plain provisions of the Code in relation, particularly Sec. 489 and several of its subsections (Amendment of 1944) and other Code provisions, is sufficient ground for holding that the exceptions to the report of sale should have been sustained.

The judgment appealed from is reversed, and the cause remanded with directions to the court to set aside the order overruling the exceptions to the sale report, to enter one sustaining, and for such other or further proceedings as the parties may conceive to be necessary and proper.

Judgment reversed.